**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

CHRISTOPHER WILES,

       *Plaintiff,*

v.                                                                          Case No. 25-2429-EFM-ADM

MARY REZAC,

       *Defendant.*

**MEMORANDUM AND ORDER**

Before the Court is Defendant Dr. Mary Rezac's Motion to Dismiss Plaintiff Dr. Christopher Wiles's claims against her (Doc. 9). Dr. Wiles's suit alleges that Dr. Rezac violated his Fourteenth Amendment right to due process (in both her individual and official capacities) and tortiously interfered with his prospective business relations when she terminated his employment with the School of Engineering at the University of Kansas ("KU"). Dr. Rezac moves the Court to dismiss all Counts under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. For the reasons stated herein, the Court grants Dr. Rezac's motion.

## I.      Factual and Procedural Background[1]

Dr. Wiles was hired by KU in 2009. After multiple promotions, in 2016, Dr. Wiles was appointed to the position of Assistant Dean in the School of Engineering at KU's campus in Lawrence, Kansas. Dr. Wiles's position as the Assistant Dean was categorized as an Unclassified Professional Staff ("UPS") position. KU's employment policies distinguish between probationary and non-probationary employees. Probationary employees are explicitly at-will, while non-

---

[1] The facts are taken from Dr. Wiles's Complaint and are considered true for purposes of this Order.

probationary USP employees may only be terminated for just cause. On March 1, 2024, Dr. Rezac was appointed as Dean of the School of Engineering, and she continues to hold that position.

On May 16, 2024, Dr. Rezac sent a letter to Dr. Wiles, informing him that she had decided to propose termination of his employment as Assistant Dean. She cited "significant reports of concern regarding [Dr. Wiles's] behavior and leadership that has resulted in increased and unnecessary conflict as well as contributing to a toxic work environment" and reports from ten employees "demonstrating a pattern of pervasive disrespect, condescension, and abuse of power and authority." The letter invited Dr. Wiles to respond to the proposed termination by May 23, 2024.

Dr. Wiles met with Dr. Rezac on that date and read a 12-page written statement to Dr. Rezac, expressing concern that this was the first time he had been informed of any issue, challenging the factual bases of the allegations, and rebutting them in detail. On June 5, 2024, Dr. Rezac sent another letter to Dr. Wiles indicating that she had asked Human Resources to conduct a fact-finding investigation prompted by Dr. Wiles's response.

Human Resources prepared a report of investigation for Dr. Rezac. On July 11, 2024, Dr. Rezac sent a final letter to Dr. Wiles. The letter included a copy of the report which contained allegations by several employees (whose names were redacted) accusing Dr. Wiles of improper conduct. The letter confirmed Dr. Wiles's termination, effective July 20, 2024, and indicated that "[t]here will be no further appeal or grievance of the action within the University."

Dr. Wiles filed suit on August 1, 2025. He brings three Counts. Count I is brought under 42 U.S.C. § 1983, alleging that Dr. Rezac, in her official capacity, violated Dr. Wiles's right to due process under the Fourteenth Amendment by terminating his employment without just cause and by failing to afford him an adequate post-termination hearing. Count II mirrors Count I but is

brought against Dr. Rezac in her individual capacity. Count III is a state law claim alleging that Dr. Rezac tortiously interfered with Dr. Wiles's prospective business relations with KU that arose from his written employment contract. Dr. Rezac filed the present Motion to Dismiss on September 30, 2025. The matters have been fully briefed and are ripe for the Court's ruling.

## II.      Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move for dismissal of any claim for which the plaintiff has failed to state a claim upon which relief can be granted.[2] Upon such motion, the court must decide "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'"[3] A claim is facially plausible if the plaintiff pleads facts sufficient for the court to reasonably infer that the defendant is liable for the alleged misconduct.[4] The plausibility standard reflects the requirement in Rule 8 that pleadings provide defendants with fair notice of the nature of claims as well as the grounds on which each claim rests.[5] Under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint, but need not afford such a presumption to legal conclusions.[6]

## III.      Analysis

### A.      Counts I & II: Fourteenth Amendment Due Process

Because both Counts I and II are premised upon the same allegations, the Court will address them together. Both Counts are brought under 42 U.S.C. § 1983 and allege that Dr. Rezac deprived

---

[2] Fed. R. Civ. P. 12(b)(6).

[3] *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[4] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[5] *See Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (citations omitted); *see also* Fed. R. Civ. P. 8(a)(2).

[6] *Iqbal*, 556 U.S. at 678–79.

Dr. Wiles of a property interest without due process of law in violation of the Fourteenth Amendment. Count I is a claim against Dr. Rezac in her official capacity and seeks reinstatement of Dr. Wiles's employment as a form of prospective equitable relief. Dr. Wiles brings Count II against Dr. Rezac in her individual capacity and seeks a monetary award.

Dr. Wiles alleges that he was denied procedural due process when his employment was terminated without just cause and when he was not afforded an adequate post-termination hearing. Assessing whether an individual was denied procedural due process is a two-step inquiry: "(1) did the individual possess a protected interest such that the due process protections were applicable; and, if so, then (2) was the individual afforded an appropriate level of process."[7] The Court will take each step in turn.

### 1.    Protected Property Interest

Courts look to state law to determine whether a public employee has a legitimate expectation of continued employment that amounts to a protected property interest.[8] This expectation of continued employment must be "defined by some independent source such as a contract for a fixed term or state law."[9] Under Kansas law, public employment is presumptively at-will, and absent evidence to the contrary, a public employee does not have a protected property interest in continued employment.[10] But where "state law restricts a government employer's removal power by requiring some type of 'cause' or 'fault' before taking any adverse action against

---

[7] *Stepp v. Lockhart*, 168 F.4th 1286, 1302–03 (10th Cir. 2026) (quoting *Merrifield v. Bd. of Cnty. Comm'rs*, 654 F.3d 1073, 1078 (10th Cir. 2011)).

[8] *Reams v. City of Frontenac*, 587 F. Supp. 3d 1082, 1094–95 (D. Kan. 2022) (citing *Hesse v. Town of Jackson*, 541 F.3d 1240, 1245 (10th Cir. 2008)).

[9] *Bruce v. Kelly*, 2023 WL 8697811, at *13 (D. Kan. Dec. 15, 2023) (citing *Eisenhour v. Weber Cnty.*, 744 F.3d 1220, 1232 (10th Cir. 2014)).

[10] *Farthing v. City of Shawnee*, 39 F.3d 1131, 1136 (10th Cir. 1994) (citing *Stoldt v. City of Toronto*, 234 Kan. 957, 678 P.2d 153, 160 (1984)).

the employee, then the Kansas Supreme Court has declared the employee does possess a protected property interest."[11]

The parties dispute whether Dr. Wiles had a constitutionally protected property interest in his continued employment. Dr. Wiles asserts that he had an express written contract which incorporated several university policies which require that non-probationary UPS employees—like himself—may only be terminated for just cause. Dr. Rezac points out that Dr. Wiles does not attach or quote this written contract and argues that Dr. Wiles's assertion that his employment was governed by such a written contract is conclusory rather than a statement of fact. Accordingly, Dr. Rezac contends that, in the absence of such a contract, Dr. Wiles was an at-will employee because K.S.A. 76-715 establishes that UPS employees—like Dr. Wiles—serve at the pleasure of the chancellor of the university.[12] Because Counts I and II are resolved on the second step of this inquiry, the Court will assume without deciding that Dr. Wiles had a protected property interest in his continued employment.

### 2.    *Appropriate Level of Process*

Dr. Wiles claims that his right to due process was violated when he was not afforded a post-termination hearing before an impartial tribunal, with the right to representation by counsel, and the rights to present and cross-examine witnesses.

Courts must evaluate post-termination process in light of the pre-termination procedures.[13] Here, Dr. Wiles was provided with a summary of the evidence and an opportunity to respond before his termination. And, in response to Dr. Wiles's written statement, Dr. Rezac conducted

---

[11] *Id.* (citing *Kosik v. Cloud Cnty. Cmty. Coll.*, 250 Kan. 507, 827 P.2d 59, 63 (1992)).

[12] *See* K.S.A. 76-715.

[13] *Benavidez v. City of Albuquerque*, 101 F.3d 620, 626 (10th Cir. 1996).

further investigation into the matter. The parties agree that this was a sufficient pre-termination process. "When the employee has had a meaningful opportunity to explain his position and challenge his dismissal in pre-termination proceedings, the importance of the procedures in the post-termination hearing is not as great."[14] In such circumstances, "simply giving the employee 'some opportunity' to present his side of the case 'will provide a meaningful hedge against erroneous action.'"[15]

Dr. Rezac contends that the Kansas Judicial Review Act ("KJRA")[16] provides Dr. Wiles with an adequate opportunity for post-termination process, even though he did not seek judicial review of his termination pursuant to this statute. Dr. Wiles responds that the KJRA is an inadequate post-termination process because it only provides for judicial review, and the reviewing court cannot receive evidence that otherwise might be presented at a full-blown, adversarial hearing.

Under the KJRA, a reviewing court can receive evidence to challenge the "unlawfulness of the procedure or of the decision-making process."[17] Further, a reviewing court can "remand a matter to the agency . . . with directions that the agency conduct fact-finding and other proceedings the court considers necessary."[18] But even if the KJRA did not allow the reviewing court to order further fact-finding or receive evidence in some circumstances, at minimum, it provided Dr. Wiles with "'some opportunity' to present his side of the case."[19] Because he had "a meaningful

---

[14] *Id.*

[15] *Id.* (quoting *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 543 n.8 (1985)).

[16] K.S.A. 77-601 *et seq.*

[17] K.S.A. 77-619(a)(2).

[18] K.S.A. 77-619(b).

[19] *Benavidez*, 101 F.3d at 626 (quoting *Loudermill*, 470 U.S. at 543 n.8).

opportunity to explain his position and challenge his dismissal pre-termination," the KJRA's post-termination process is more than sufficient to satisfy the demands of due process. This finding is consistent with the Tenth Circuit's examination of this matter in similar circumstances.[20]

In sum, because the KJRA provided Dr. Wiles an opportunity to seek review of his termination in the form of a post-termination hearing, Dr. Wiles cannot show that he was denied an appropriate level of process. Accordingly, he fails to state a claim upon which relief can be granted.

### 3.    Qualified Immunity

Dr. Rezac also asserts qualified immunity as to Counts I and II. Because, as discussed above, the Court finds that there was no violation of Dr. Wiles's right to due process under the Fourteenth Amendment, the Court need not address Dr. Rezac's assertion of qualified immunity. As such, the Court will only briefly discuss the qualified immunity issue.

Regarding Dr. Wiles's claim against Dr. Rezac in her individual capacity, Dr. Wiles cannot satisfy the first prong of his burden to overcome Dr. Rezac's assertion of qualified immunity. That is, as discussed above, he cannot show that Dr. Rezac "violated a statutory or constitutional right."[21] Even if he could show that Dr. Rezac did violate his right to due process, the Court's reasoning above demonstrates that Dr. Wiles's right to a post-termination hearing separate from

---

[20] *See Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 526 (10th Cir. 1998) (describing the KJRA as an "opportunity for an additional post-termination hearing"); *Barrow v. Kan. State Univ.*, 2023 WL 10101935, at *6 (10th Cir. Oct. 25, 2023) ("The KJRA . . . provides the required full post-termination hearing."); *see also Tao v. Univ. of Kan.*, 2026 WL 237315, at *8 (D. Kan. Jan. 29, 2026) ("Mr. Tao had adequate state law remedies for post-termination process under the [KJRA].").

[21] *See Klassen v. Univ. of Kan. Sch. of Med.*, 84 F. Supp. 3d 1228, 1248 (D. Kan. 2015) ("Qualified immunity shields federal and state officials from money damages unless a plaintiff establishes (1) that the official violated a statutory or constitutional right and (2) that right was 'clearly established' at the time of the challenged conduct.").

his right to seek judicial review under the KJRA was not "clearly established."[22] Accordingly, Dr. Rezac is entitled to qualified immunity on Dr. Wiles's individual-capacity claim against her.

Dr. Wiles's official-capacity claim against Dr. Rezac amounts to a claim against the State, and as such, she is protected by the Eleventh Amendment.[23] But the *Ex parte Young* exception to Eleventh Amendment immunity allows for suits against state officials when a plaintiff seeks declaratory and injunctive relief aimed at State officers acting in their official capacities.[24] "To come within the *Ex parte Young* exception, a court need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective."[25] As discussed above, Dr. Wiles cannot show that there is "an ongoing violation of federal law" because he cannot show that his right to due process was violated. Accordingly, Dr. Rezac is immune from suit in her official capacity.

For the forgoing reasons, the Court must dismiss Dr. Wiles's claims in Counts I & II.

## B.    Count III: Tortious Interference

Dr. Wiles brings a state law claim in Count III. This suit is still in the very early stages, and the parties have not "expended a great deal of time and energy on the state law claim[]."[26] In circumstances like this, "[w]hen all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims."[27] Because the Court has

---

[22] *See id.*

[23] *Id.* at 1242 (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 121 (1984)).

[24] *Hill v. Kemp*, 478 F.3d 1236, 1255 (10th Cir. 2007) (citing *Ex parte Young*, 209 U.S. 123 (1908)).

[25] *Klassen*, 84 F. Supp. at 1245 (alterations and internal quotation marks omitted) (quoting *Rounds v. Clements*, 495 F. App'x 938, 940 (10th Cir. 2012)).

[26] *Tufaro v. Oklahoma ex rel. Bd. of Regents of Univ. of Okla.*, 107 F.4th 1121, 1141 (10th Cir. 2024).

[27] *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998).

dismissed Dr. Wiles's federal claims, it declines to exercise supplemental jurisdiction over his state law claim of tortious interference with prospective business relations in Count III.

**IT IS THEREFORE ORDERED** that Dr. Rezac's Motion to Dismiss (Doc. 9) is **GRANTED**.

**IT IS SO ORDERED**.

This case is closed.

Dated this 3rd day of April 2026.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE